a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES HENRY FOWLER-BEY, Petitioner | CIVIL ACTION NO. 1:18-CV-342-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### ORDER OF TRANSFER

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner James Henry Fowler-Bey ("Fowler") (#58836-066). Fowler is a state prisoner in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Fowler claims that his custody is unlawful because he is a Moorish-American.

Because Fowler's petition arises under 28 U.S.C. § 2254, and not § 2241, his petition should be transferred to the United States District Court for the District of Maryland, which encompasses the judicial district where Fowler was convicted and sentenced.

I.     Background

Fowler alleges that he was convicted of unspecified offenses in the Circuit Court of the State of Maryland for Prince George's County. (Doc. 1, p. 1). He was sentenced to "two life terms plus 60 years." (Doc. 1, p. 2). Fowler claims his detention is unlawful because he is a Moorish American. Fowler argues the convicting court lacked jurisdiction to convict and sentence him.

II. <u>Law and Analysis</u>

A. <u>Fowler's claim arises under § 2254 rather than § 2241.</u>

Fowler filed suit under § 2241, which is used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). However, Fowler is not challenging the manner in which his sentence is being executed. Rather, Fowler is challenging the validity of his state conviction and sentences as a Moorish American with "sovereign, private status," and no victim to his alleged crimes. (Doc. 1, p. 7). Section 2254 is used to challenge the legality of a state conviction or sentence. See Preiser v. Rodriguez, 411 U.S. 475, 487–90 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release). Therefore, Fowler's claim arises under § 2254 rather than § 2241.

B. <u>Fowler's petition should be transferred.</u>

Section 2254 petitions can be filed either in the federal district where the petitioner was convicted and sentenced, or the federal district where the petitioner is in custody. Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although Fowler is incarcerated within the jurisdiction of this Court, the undersigned finds that venue is more appropriate in the District of Maryland, which encompasses the judicial district where Fowler was convicted. The record is located within that district, and it would be more convenient for witnesses should a hearing be required.

III. Conclusion

For the foregoing reasons, IT IS ORDERED that the § 2254 petition be and is hereby TRANSFERRED to the United States District Court for the District of Maryland.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 25th day of April, 2018.

Hon. Joseph H.L. Perez-Montes
United States Magistrate Judge