# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HENRY FOWLER-BEY, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-18-1235 |
| CALVIN JOHNSON, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is James Henry Fowler-Bey's Petition for habeas corpus challenging his 1995 state conviction for murder.[1] ECF No. 1. Respondent contends that the claims are both time-barred and unexhausted. ECF No. 11. The court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018). Because Fowler-Bey has not exhausted the claims, the Petition must be dismissed without prejudice.

**I.   Background**

On December 15, 1994, Fowler-Bey was convicted in the Circuit Court for Prince George's County of first-degree murder, attempted first-degree murder, and use of a handgun in the commission of a crime of violence. ECF No. 11-1. On March 9, 1995, Fowler-Bey was sentenced to life plus 60 years' imprisonment. *Id*. His conviction and sentence were affirmed by the Maryland Court of Special Appeals on November 22, 1995, with the Court's mandate issuing on December 22,1995. *Id*. Fowler-Bey did not file a petition for writ of certiorari in the Maryland

---

[1] The petition, invoking 28 U.S.C. § 2241, was originally filed in the United States District Court for the District of Louisiana, the jurisdiction in which Fowler-Bey is currently confined. ECF No. 1. That court properly reconstrued the matter as a petition filed pursuant to 28 U.S.C. § 2254 because Fowler-Bey was challenging his Maryland state court conviction. The case was transferred to this Court as a result. ECF No. 5.

Court of Appeals. *Id*. Fowler-Bey also filed a motion with the Circuit Court to modify or reduce his Sentence which remained open. ECF No. 11-1 at 15.

In post-conviction proceedings, Fowler-Bey asserted that his trial counsel provided ineffective assistance based on an array of alleged trial errors. ECF No. 1 at 2-3. Fowler-Bey also claimed to be actually innocent and that the State committed *Brady* violations in failing to disclose exculpatory evidence. *See Brady v. Maryland,* 373 U.S. 83 (1963); *Id*. at 3. On August 2, 2002, the Circuit Court denied the post-conviction petition, and on March 5, 2003, the Court of Special Appeals denied Fowler-Bey's application for leave to appeal. ECF No. 11-1 at 13.

Fowler-Bey next filed a Motion to Alter or Amend Judgment, arguing that his conviction should be vacated on actual innocence grounds. ECF No. 1 at 3. That motion was also denied. ECF No. 11-1 at 13.

On December 19, 2016, Fowler-Bey moved to "dismiss the indictment," contending that the Circuit Court lacked jurisdiction to hear his claims. ECF No. 11-1 at 18, 12-1 at 3. The Circuit Court denied the motion on February 10, 2018. ECF No. 11-1 at 18. Fowler-Bey did not appeal this decision.

On March 12, 2018, Fowler-Bey filed the presently pending Petition. ECF No. 1. In summary, Fowler-Bey contends that his status as a Moorish American insulates him from any prosecution. He more particularly sets out four grounds for relief:

> Ground One: Violations of the Constitution for the United States of America limited the federal or state government and reaffirms in the Bill of Rights that sovereignty rests with We the People and the sovereign (Moore) states, not the federal government. The 1st, 9th and 10th Amendment states that any powers or authority not delegated specifically to the federal government were explicitly reserved to the people and the States….
> Ground Two: The violation of Involuntary Servitude Slavery against Petitioner sovereign, private status of original article of amendment 13th with 2 sections denying Moorish American National property because 4th Amendment Privacy Rights and Original XIII Amendment, Section XII of the Republic

> Constitution (Zodiac) Sect 12: The traffic in slaves with Africa is hereby forever prohibited on pain of death and the forfeiture of all the rights, property, not U.S. citizens….
>     Ground Three: Violations of Petitioner unalienable natural rights secured within the Bill of Rights (1791) I thru X Amendments and Charter Number Three states all natural rights are due to provide men/and women of free national standards are encompassed within the sphere of this giant document who proclaim to be Moorish American citizens by birth, clauses appropriate by this government respecting rights of citizens under the National Cons…..
>     Ground Four: Violations of Article VI of the Constitution for the United States of America because all debts contracted and engagements entered into before the adoption of this Constitution, shall be as valid against the United Sates under this Constitution as under the Confederation of the Great Zodiac Constellations- Universal Law of Peace and Untied States Constitution Article III, Section (1) and Section (2)….

*Id.*, pp. 6-8.

Because Fowler-Bey's motion for sentence reconsideration appeared still pending in the Circuit Court, this Court issued a stay in this matter until the resolution of *Mitchell v Green*, 922 F.3d 187 (4th Cir. 2019). The United States Court of Appeals for the Fourth Circuit was called upon in *Mitchell* to decide whether the one-year limitation period for filing habeas corpus petitions pursuant 28 U.S.C. § 2254 was tolled during the pendency of a timely filed motion to modify a sentence in Circuit Court. *Id.* On April 17, 2019, the Fourth Circuit held that that a motion to reduce sentence under Maryland Rule 4-345 tolls the one-year limitations period. *Mitchell,* 922 F.3d at 195. This Court, therefore, directed Respondent to address the impact of *Mitchell* on the viability of Fowler-Bey's claims. ECF No. 31. Respondent maintains that even if the petition were timely filed, the claims are unexhausted and, and so the Petition must be dismissed on this ground. ECF No. 32. Fowler-Bey did not respond.

**II.     Analysis**

Before this court may consider the merits of claims raised under 28 U.S.C. § 2254 challenging the validity of a state court conviction, the Petitioner must first exhaust his claims in

3

state court. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal, the petitioner must present his claims to the Maryland Court of Special Appeals, if permitted. If the appeal is denied, the petitioner must petition the Maryland Court of Appeals for certiorari. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301.

If the claim is not appropriate for direct appeal, the petitioner must exhaust the claim through state post-conviction proceedings. A post-conviction petition is filed in the Circuit Court of conviction, and if unsuccessful, the petitioner must seek leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. § 7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., § 12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Maryland Court of Appeals. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

In the Petition before this Court, Fowler-Bey grounds his arguments in his status as a Moorish American and invokes a vast compendium of sources to support his claim that he could not be prosecuted for any criminal offenses. Nothing in the record reflects that Fowler-Bey ever raised these claims either on direct appeal or in his post-conviction proceedings. To the extent Fowler-Bey's most recent "motion to dismiss indictment," (ECF No. 12-1), in which he challenged the jurisdictional bases to prosecute him, relies on similar reasoning to the claims presented here,

he never appealed the denial of the motion. ECF No. 11-1. This Petition, therefore, must be dismissed as unexhausted.

Alternatively, even if the Court were to reach the Petition on its merits, the claim likely fails. At bottom, Fowler-Bey contends that the trial court lacked jurisdiction over his person because he is Moorish American, relying on the "Zodiac Constitution (Nature's Law)" and *Scott v. Sandford*, 60 U.S. 393 (1857). ECF No. 1, 15, 20. This argument has been uniformly rejected. *See El v. Mayor New York*, No. 13-CV-4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14-cv-379-FDW, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). This is so because "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts." *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions. . . ."). Fowler-Bey's status as a Moorish American does not render his conviction unconstitutional or otherwise infirm.

Finally, the Court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S.Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to

deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). No such showing has been made. *See* 28 U. S.C. § 2253(c)(2). Fowler-Bey, however, may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

A separate Order follows.

/S/
Paula Xinis
United States District Judge